In re Derrick D. MEEKS, Debtor.

No. 00–1913–3F3.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 13, 2000.

Julie Yates, Esq., Plantation, for Onyx Acceptance Corporation.

Mamie L. Davis, Esq., Jacksonville, for Standing Chapter 13 Trustee.

### ORDER GRANTING DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND DAMAGES AGAINST ONYX ACCEPTANCE CORPORATION FOR VIOLATION OF AUTOMATIC STAY

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on the Motion for Order of Contempt and Damages filed by Derrick D. Meeks ("Debtor") on October 20, 2000. (Doc. 45.) Debtor requests that the Court find that Onyx Acceptance Corporation ("Onyx") willfully violated the automatic stay in Debtor's case and award sanctions to Debtor pursuant to 11 U.S.C. § 362(h). On November 8, 2000, the Court held a hearing on the Motion that Onyx neglected to attend. Based on the evidence submitted and on the arguments of pro se Debtor, the Court finds that Onyx did willfully violate the automatic stay in Debtor's case and awards Debtor a judgment for actual and punitive damages.

On March 13, 2000, Debtor filed a Chapter 13 petition in this Court. (Doc. 1.) Debtor listed Onyx as a secured creditor with a purchase money lien on Debtor's 1994 Volvo. According to Debtor's schedules, he is indebted to Onyx in the amount of $11,607.53 for the car.

On March 21, 2000, Onyx was served, via its attorney, Julie Yates, Esq., with a

notice of filing and § 341 meeting. (Doc. 11.) The notice provides, in relevant part:

**Creditors May Not Take Certain Actions:** The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, debtor's property, and certain codebtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

On April 5, 2000, Onyx sent Debtor a letter demanding payment of $926.97 past due. (Debtor's Ex. 1.) The letter requests that Debtor "[p]lease remit the amount due immediately or phone us regarding your past due account."

On May 1, 2000, Onyx sent Debtor a letter requesting that Debtor submit to Onyx a copy of his proposed Chapter 13 plan. (Debtor's Ex. 1.)

On May 5, 2000, Onyx filed a Request for Notice and Proof of Claim under the signature of its bankruptcy specialist. (Doc. 24.)

On August 14, 2000, Onyx authorized Falcon International ("Falcon") to repossess Debtor's Volvo. (Debtor's Ex. 1.)

On September 14, 2000, Debtor's wife received a phone call from Falcon. Falcon threatened to repossess the Volvo and verbally disregarded Debtor's bankruptcy filing. Debtor contacted Onyx and was similarly threatened and rebuffed.

On September 30, 2000, Falcon unsuccessfully attempted to repossess Debtor's Volvo from his home at 1937 Lambert Street, Jacksonville, Florida.

On October 2, 2000, Debtor once again contacted Onyx to remind Onyx of the presence of the automatic stay.

On October 10, 2000, after being trailed by Falcon repo men for several days, Debtor again called Onyx and requested that Onyx order Falcon to desist.

On October 16, 2000, Falcon finally repossessed the Volvo from the parking lot of Debtor's church at 1655 E. 9th Street, Jacksonville, Florida.

As a result of the repossession, Debtor has been forced to rent a car for $40.00 per day since October 16, 2000.

As a result of the repossession, Debtor missed 19 hours of work, at $9.25 per hour, for a total of $175.75.

As a result of damage done to Debtor's Volvo during the repossession, Debtor lost $133.62 worth of books, $120.00 worth of miscellaneous goods, and a $49.95 compact disc player.

Debtor seeks recovery for these losses and for punitive damages pursuant to 11 U.S.C. § 362(h). Section 362(h) provides, in relevant part:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h) (2000).

■ The Court finds that Onyx willfully violated the automatic stay in the instant Case by repossessing property of the estate post-petition with notice that an automatic stay was in effect.

First, Onyx violated the automatic stay by repossessing Debtor's Volvo post-petition. Debtor filed for Chapter 13 protection on March 13, 2000. At that point the automatic stay took effect. Onyx repossessed the Volvo on October 16, 2000.

Second, Onyx willfully violated the automatic stay by repossessing Debtor's Volvo with actual notice that a bankruptcy had been filed and that an automatic stay had been imposed. Onyx was served with notice of Debtor's petition. Onyx filed a proof of claim and requested a copy of

Debtor's proposed chapter 13 Plan. Debtor notified Onyx several times by telephone that he had filed bankruptcy and that an automatic stay was in effect.

None of this deterred Onyx. Onyx, a creditor experienced in collection and bankruptcy matters, knew that a stay was in effect and willfully chose to disregard it by repossessing Debtor's Volvo.

■ Therefore, the Court elects to award Debtor actual damages in the amount of $479.35 for lost wages and goods. The Court further elects to award Debtor $40.00 per day for Debtor's car rental for every day between October 16, 2000 and the date upon which Onyx satisfies the judgment created by this Order.

Finally, the Court finds that Debtor is entitled to $35,000.00 in punitive damages for Onyx's willful, knowing disregard of this Court's Order for Relief.

Accordingly, it is

**ORDERED and ADJUDGED:**

1. Judgment is entered for Debtor Derrick D. Meeks against Onyx Acceptance Corporation in the amount of $35,479.35 plus $40.00 per day from October 16, 2000 until the date Onyx satisfies this Judgment. Interest will accrue on this Judgment at the rate of 6.375% per year.

2. Debtor's indebtedness to Onyx on the repossessed Volvo is cancelled.